[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO COMPEL ARBITRATION
On November 17, 1999, this court ruled on the defendants' Motion to Compel Arbitration and Stay Litigation. The court denied this motion because the claims made in the complaints were not claims under the CT Page 5864 lease agreement, and the parties' agreement to arbitrate applied only to such claims. On February 9, 2000, the defendants filed a motion to reconsider that ruling, on the ground that Phillip Armetta, a principal in the plaintiff entities, testified at a December 16, 1999 deposition that the plaintiffs seek damages the defendants claim are only available pursuant to the lease agreement and that these damages are sought under the lease agreement. The defendants further assert that they had been under the impression that the easement agreement, which they also claimed as a source of the duty to arbitrate, was in evidence, and that this court should therefore reconsider its ruling concerning the duty to arbitrate.
The defendants object that the motion is in reality an untimely motion to reargue, filed beyond the twenty-day period specified in Practice Book § 11-12. The defendants characterize the motion as one for reconsideration, not subject to deadline because it is based on events that occurred after the deadline applicable to motions for reargument.
To the extent that the motion concerns the easement agreement, it is untimely. The court's ruling explicitly stated that the court did not consider that document as having been moved into evidence as an exhibit at the hearing on the motion to compel arbitration. The defendants' position that they believed the court would refer to documents appended to pleadings other than the Motion to Compel Arbitration itself, but never put into evidence at the hearing, is one that concerned only the hearing, not any late discoveries of evidence or new law. A party that believes a mistake has occurred that affects the adjudication may file a motion to reargue; however, such motions are subject to the twenty-day time limit set forth in Practice Book § 11-12. The defendants offer no reason why they should be permitted to wait several additional months to raise an issue known to them upon receipt of the court's ruling.
The court notes, moreover, that the defendants do not assert that the easement agreement contains any provision requiring arbitration of disputes arising under that agreement nor any incorporation of the arbitration provision in the lease agreement.
The second issue raised as a reason for reconsideration, that is, Mr. Armetta's characterization of the lease as the source of the plaintiffs' claims for damages, does not support reconsideration. The claims of parties are framed by the pleadings, not by the characterizations or theories of witnesses. Mindful of the arbitration clause in the lease agreement, the court will not adjudicate at trial claims subject to the agreement to arbitrate. If, as the defendants fear, the plaintiffs regard this court's recognition of the scope of the arbitration agreement as something that can be ignored at trial, no doubt the CT Page 5865 defendants will assert the nonjusticiability of claims that rest solely on obligations created by the lease agreement. The court does not adopt the defendants' peculiar view that any claim for the same damages that could have been sought under the lease agreement is therefore a claim brought under the lease agreement.
The court does not, however, find that Mr. Armetta's testimony constitutes a reason for reconsidering the ruling on the motion to compel arbitration.
Conclusion
The motion for reconsideration is denied.
Beverly J. Hodgson Judge of the Superior Court